UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT AND DEBORAH CAPSHAW,

                            NO. CIV. S-09-2947 LKK/CMK

    Plaintiffs,

  v.

                                    O R D E R

WACHOVIA BANK, et al.,

    Defendants.

                            /

       In this case, both plaintiffs and defendants have pending motions. Plaintiffs have moved to remand the case to state court and defendants have moved to dismiss the complaint. Both motions are set to be heard on January 11, 2010. The court does not find oral argument necessary in these matters, and has resolved the motions on the papers. Accordingly, the hearings on the above motions currently set for January 11, 2010 are vacated.

       Furthermore, for the reasons stated below, plaintiffs' motion to remand to state court is granted. Plaintiffs' request for fees and costs is granted as to the amount of $2,250. Because the court grants plaintiffs' motion to remand, defendant's motion to dismiss

1

is denied as moot.

## I. BACKGROUND

On February 27, 2009, plaintiffs Robert and Deborah Capshaw, proceeding pro per, filed a complaint against defendant Wachovia Bank in state court. Plaintiff served the complaint on defendant on March 2, 2009. This complaint stated that the court had jurisdiction over the "Truth in Lending Act (TILA) claims under 15 U.S.C. § 1640(e)[,] . . . [the] Real Estate Settlement Procedures Act (RESPA) claims under 12 U.S.C. § 2607[,] . . . [and] the Credit Repair Organization Act (CROA) [claims] under 15 U.S.C. § 1679g." Complaint at ¶¶ 2-4. The complaint subsequently enumerated six counts. The first two counts concerned TILA, and cited U.S. Code and the Code of Federal Regulations; the third count concerned RESPA, and similarly cited U.S. Code; the fourth count concerned CROA, and likewise cited U.S. Code. Defendant filed a demurrer and a motion to strike portions of the original complaint.

On May 8, 2009, plaintiffs filed a first amended complaint in state court pro per. ("FAC"). Based on the record provided to the court, it is unclear when defendant received this complaint. In the jurisdictional section of this complaint, plaintiffs stated that the court had jurisdiction over the "Truth in Lending Act (TILA) claims under 15 U.S.C. § 1640(e). . . [and over the] Real Estate Settlement Procedures Act (RESPA) claims under 12 U.S.C. § 2607." FAC at ¶¶ 3-4. The first count in this

complaint concerned violations of TILA and RESPA for failure to provide disclosures; the second count concerned violations of TILA's rescission rights. Both counts cited to U.S. Code and the Code of Federal Regulations. Defendant also filed a demurrer and a motion to strike portions of the first amended complaint.

On October 7, 2009, plaintiffs, represented by counsel, filed a second amended complaint. ("SAC"). Defendant received this complaint on October 13, 2009. On October 21, 2009, defendant removed the case to federal court. On October 27, 2009, defendant filed a motion to dismiss the second amended complaint. On November 19, 2009, plaintiffs filed a motion to remand the case to state court and a request for fees and costs. Both motions are set to be heard on January 11, 2010.

## II. ANALYSIS

### A.  Whether Removal Was Proper

A civil action brought in state court is removable to federal court where the district courts of the United States have original jurisdiction, among other reasons. 28 U.S.C. § 1441(a). Defendants, however, must file a notice of removal within thirty days after receipt of the initial pleading setting forth "the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[T]he the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). However, "[i]f the case stated by the initial pleading is

not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Here, the face of plaintiffs' original complaint was clearly removable. This complaint clearly set forth claims for relief based upon federal laws. Because "district courts . . . have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States," the district courts had original jurisdiction over plaintiffs' federal claims, however inartfully pled. Subsequently, defendant's notice of removal must have been filed by April 1, 2009, thirty days after service of the original complaint. Defendant, however, did not file a notice of removal until October 21, 2009. Thus, defendant's notice of removal is procedurally improper, and plaintiffs' motion to remand the case to state court is granted.

**B.  Whether Plaintiffs Are Entitled to Fees and Costs**

When remanding a case to state court, district courts may "require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, attorneys fees should not be awarded automatically on remand, nor is there a strong presumption that fees should be awarded. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136-37 (2005). Rather, the Court held that fees and costs should only be awarded where

4

"such an award is just." Id. at 138. Accordingly, the Court concluded that "the standard for awarding fees should turn on the reasonableness of the removal." Id. at 141. Specifically, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

Here, defendant makes no argument concerning the reasonableness of its decision to remove or of the amount of fees sought by plaintiffs. Nonetheless, defendant does argue that removal was timely because the issue of removability was not evident on the face of plaintiffs' original and first amended complaints. This argument is not reasonable in that plaintiffs specifically based the claims in their original and first amended complaints on federal laws. Even if these claims would not have survived a motion to dismiss, they still support federal jurisdiction up until those claims are dismissed. Thus, because defendant's removal was unreasonable and because defendant has not opposed plaintiffs' calculation of fees, plaintiffs are entitled to fees and costs.

In plaintiffs' counsel, Daphne C. Lin's, declaration attached to their motion to remand, Lin declares that, "I spent a total of five and a half (5 ½) hours preparing this motions [sic] and the supporting papers. I spent another twelve (12) hours to oppose Wachovia's Motion to Dismiss. I anticipate spending four (4 ½) hours replying to Wachovia's opposition [to] the motion to remand and attending the hearing on these

motions." Lin Declaration at ¶ 6. Lin continues to list her current billing rate at $250, and indicates the total amount of plaintiffs' fees and costs as a result of the improper removal to be $5,000. While defendant did not challenge the amount of or calculation of fees, the court, upon consideration of the totality of the circumstances, shall award plaintiffs $2,250. The court deducts the twelve hours sought for time spent opposing defendant's motion to dismiss in that plaintiffs will likely oppose a similar motion in state court; the court also deducts one hour sought for the anticipated time spent attending the hearings for both motions in that the court has vacated the hearings. Thus, plaintiffs are entitled to nine hours of attorneys' fees at Lin's billing rate of $250, which totals $2,250.

    **C.   Defendant's Motion to Dismiss**

Because the court grants plaintiffs' motion to remand, defendant's motion to dismiss is denied as moot.

### IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS that plaintiffs' motion to remand, Doc. No. 11, is GRANTED. Plaintiff shall be awarded fees and costs from defendant in the amount of $2,250.

The court further ORDERS that defendant's motion to dismiss, Doc. No. 6, is DENIED as moot.

////

////

6

1    Accordingly, the hearings set for both motions on January
2 11, 2010 are VACATED.
3    IT IS SO ORDERED.
4    DATED: January 5, 2010.

```
                                      /s/ Lawrence K. Karlton
                                      _____
                                      LAWRENCE K. KARLTON
                                      SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT
```

7